GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey 08625
   Attorney for Defendants

By:    Deborah A. Hay
        Attorney ID: 020522011
        Deputy Attorney General
        (609) 292-6206
        Deborah.hay@law.njoag.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE

| | |
|---|---|
| SUSANNE LAFRANKIE-PRINCIPATO,<br><br>        Plaintiffs,<br>v.<br><br>NEW JERSEY BOARD OF PUBLIC UTILITIES; STATE OF NEW JERSEY; and JOHN DOES 1-5 AND 6-10,<br><br>        Defendants. | HON. FREDA L. WOLFSON, U.S.D.J.<br>HON. LOIS H. GOODMAN, U.S.M.J.<br><br>Civil Action No.<br>18-CV-02258-FLW-LHG<br><br>**DEFENDANTS' ANSWERS, SEPARATE DEFENSES AND JURY DEMAND** |

        Defendants, New Jersey Board of Public Utilities and State of New Jersey (hereafter "Defendants"), by way of Answer to Plaintiffs' Complaint state:

**PRELIMINARY STATEMENT**

        The allegations of this paragraph are not directed to Defendants and therefore no answer is made.  Any factually allegations directed at Defendants are denied.

**IDENTIFICATION OF PARTIES**

        1.    Defendants lack sufficient knowledge and information sufficient to form a belief as the truth of the other allegations of this paragraph, which are therefore deemed denied.

2. Denied, except that Defendants admit that the New Jersey Board of Public Utilities is located at 44 South Clinton Avenue, Trenton, New Jersey, and was Plaintiff's employer.

3. Denied, except that Defendants admit that the New Jersey Board of Public Utilities of the State of New Jersey is located at 44 South Clinton Avenue, Trenton, New Jersey, and was Plaintiff's employer.

4. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations against the Defendants, they are hereby denied.

## GENERAL ALLEGATIONS

5. Denied, except that Defendants admitted that Plaintiff was employed by the New Jersey Board of Public Utilities starting on or about June 27, 2016.

6. Admitted.

7. Denied.

8. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations against the Defendants, they are hereby denied.

9. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations against the Defendants, they are hereby denied.

10. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the other allegations of this paragraph, which are therefore deemed denied.

11. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the other allegations of this paragraph, which are therefore deemed denied.

12. Defendants lack sufficient knowledge and information sufficient to form a belief as to the truth of the other allegations of this paragraph, which are therefore deemed denied.

13. Denied, except that Defendants admit that Plaintiff submitted to the Board of Public Utilities a Request for Leave With or Without Pay form on or about September 14, 2017. The remaining allegations in this paragraph are denied.

14. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required. To the extent that this paragraph contains factual allegations against the Defendants, they are hereby denied.

15. Denied, except that Defendants admit that Plaintiff's employment was terminated on or about September 15, 2017. The remaining allegations in this paragraph are denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## COUNT I

### Interference Under the FLA

20. Defendants incorporate their answers to paragraphs 1 through 19 as if set forth fully herein.

21. Denied.

**WHEREFORE,** Defendants demand judgment in their favor on all claims and an order dismissing Plaintiff's Complaint with prejudice and any other further relief the Court deems equitable and just, including an award of fees and costs.

## COUNT II

### Interference Under the FMLA

22. Defendants incorporate their answers to paragraphs 1 through 21 as if set forth fully herein.

23.  Denied.

**WHEREFORE,** Defendants demand judgment in their favor on all claims and an order dismissing Plaintiff's Complaint with prejudice and any other further relief the Court deems equitable and just, including an award of fees and costs.

## COUNT III

### Request for Equitable Relief

24. Defendants incorporate their answers to paragraphs 1 through 23 as if set forth fully herein.

25. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph contains factual allegations, they are hereby denied.

26. Denied. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph contains factual allegations, they are hereby denied.

27. Denied. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph contains factual allegations, they are hereby denied.

28. Denied. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph contains factual allegations, they are hereby denied.

29. Denied. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph contains factual allegations, they are hereby denied.

30. Denied. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph contains factual allegations, they are hereby denied.

31. Denied. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph contains factual allegations, they are hereby denied.

32. Denied. Defendants make no answer to this paragraph because it calls for conclusions of law to which no responsive pleading is required.  To the extent that this paragraph contains factual allegations, they are hereby denied.

**WHEREFORE,** Defendants demand judgment in their favor on all claims and an order dismissing Plaintiff's Complaint with prejudice and any other further relief the Court deems equitable and just, including an aware of costs and fees.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiffs' work performance was below expectations, deficient and/ or sub-par.

### THIRD SEPARATE DEFENSE

Defendants acted at all relevant times with good faith and without any fraud or malice.

### FOURTH SEPARATE DEFENSE

Defendants herein are a public entity of the State of New Jersey and/or a public employee and at all times were acting pursuant to the lawful authority invested in them by the State. All acts so performed were the result of the appropriate exercise of the Defendant's discretion.

### FIFTH SEPARATE DEFENSE

Any actions taken by any Defendant with regards to the Plaintiffs' employment were for legitimate non-discriminatory, non-retaliatory business reasons.

### SIXTH SEPARATE DEFENSE

Plaintiff LaFrankie-Principato held an unclassified position and was lawfully terminated.

### EIGHTH SEPARATE DEFENSE

Plaintiffs' claims are baseless and fabricated.

### NINTH SEPARATE DEFENSE

The Plaintiff's claims are barred by the doctrine of collateral estoppel and res judicata.

### TENTH SEPARATE DEFENSE

There is no basis for imposition of punitive damages.

### ELEVENTH SEPARATE DEFENSE

Damages, if any sustained by Plaintiff are the result of Plaintiff's own actions and/or inactions.

### TWELFTH SEPARATE DEFENSE

The Plaintiff's damages, if any, are barred because the Plaintiff has failed to mitigate damages.

### THIRTEENTH SEPARATE DEFENSE

Defendants are entitled to attorneys' fees, costs of suits and such other relief as the Court deems proper.

### FOURTEENTH SEPARATE DEFENSE

Defendants have policies and procedures in place to prevent discrimination and interference with rights and Plaintiff unreasonably failed to utilize those policies and procedures to mitigate damages.

### DEMAND FOR STATEMENT OF DAMAGES

PLEASE TAKE NOTICE that in accordance with R. 4:5-2, Defendants request, within five (5) days of service upon you, that each Plaintiff furnishes a written statement of the amount of damages claimed against each Defendant.

### DEMAND FOR DOCUMENTS REFERRED TO IN PLEADING

PLEASE TAKE NOTICE that in accordance with R. 4:18-2, Defendants request that any and all documents or papers referred to in the Complaint, not annexed thereto, shall be served on Defendants within five (5) days after service of this Answer.

### RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or for summary judgment on the ground that the Complaint fails to state a claim upon which relief can be granted and/or the Defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

### JURY DEMAND

The Defendants demands a trial by jury.

### NOTICE PURSUANT TO RULES 1:5-1(a) AND 4:17-4

PLEASE TAKE NOTICE that the undersigned attorney does hereby demand, pursuant to the above cited Rules of Court, that each party herein serving pleadings and interrogatories and receiving answers thereto, serve copies of all such pleadings and answered interrogatories, and all documents papers and other material referred to therein, received from any party, upon the undersigned attorney, and TAKE NOTICE that this is a CONTINUING demand.

**CERTIFICATION REGARDING OTHER PROCEEDINGS AND PARTIES**

I certify in accordance with R. 4:5-1 that to the best of my knowledge as of the date herein there are no other proceedings either pending or contemplated with respect to the matter in controversy in this action and no other parties who should be joined in this action.

**DESIGNATION OF TRIAL COUNSEL**

PLEASE TAKE NOTICE that pursuant to the provisions of R. 4:25-4, the Court is advised that Deborah A. Hay, Deputy Attorney General, is hereby designated as trial counsel.

                                        GURBIR S. GREWAL
                                        ATTORNEY GENERAL OF NEW JERSEY


By:         /s/ Deborah A. Hay
                    Deborah A. Hay
                    Deputy Attorney General

DATED:  March 22, 2018