# Costello & Mains, LLC

Counselors at Law



**Kevin M. Costello**◊
**Deborah L. Mains**○
**Daniel T. Silverman**□
**Drake P. Bearden, Jr.** ◊□

**Michael J. Reilly** +
**Marisa J. Hermanovich** □
**Lex W. Hubbard** +
**Jacquelyn R. Matchett** □
**Stefanie Malone-Zeitz** □

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

o Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
∆ Pending Membership of the New Jersey Bar

www.CostelloMains.com
(856) 727-9700
(856) 727-9797 (fax)

April 23, 2019

**VIA E-FILING**
Hon. Lois H. Goodman, USMDJ
United States District Court of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

      Re:    Susanne LaFrankie-Principato v. New Jersey Board of Public Utilities, et al.
              Docket No. 3:18-cv-02258-FLW-LHG

Dear Judge Goodman:

Please accept this letter in response to the defendant's correspondence of April 22, 2019. I note that the Defendant submitted this letter to the Court on the same date it wrote to our office demanding additional discovery. In light of that, I believe that some of the issues can be resolved between counsel and without the need for the Court's intervention. There are, however, some requests to which Plaintiff will maintain her objection.

Defendant's requests include additional text messages, information from medical providers, plaintiff's calendar, and plaintiff's son's medical records.

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

A. **Text messages**

Plaintiff has performed a diligent search of her telephone and produced the relevant text messages within her possession. To the extent that defendant believes they are incomplete or have not been completely produced, plaintiff can search her cellular telephone and either produce any remaining conversations or certify that they have been produced in their entirety such as they exist. This circumstance does not, however, require an intrusion by the State into Plaintiff's private cellular telephone.

B. **Information from medical providers**

Defendant seeks to go on a fishing expedition through plaintiff's medical history. Notably, Defendant's correspondence does *not* address the fact that Plaintiff disclosed the identity of her counselor with whom she discussed the allegations. Plaintiff did not treat with Dr. Klein or Dr. Cooperstein for any issues relevant to the litigation. Further, plaintiff has not produced any expert testimony and does not intend to produce expert testimony in this matter. Instead, plaintiff will be presenting the damages as statutory damages, more commonly referred to as "garden variety." "[F]or policy reasons, a waiver of the psychotherapist-patient privilege should not be narrowly construed, **particularly in civil rights cases** where Congress has placed much importance on litigants' access to the courts and the remedial nature of such suits." *Fitzgerald v. Cassil* 216 F.R.D. 632, 633 (N.D. Cal. 2003) (emphasis added). If the court were to adopt the Defendant's reasoning, every time a plaintiff makes a statutory claim seeks only statutory emotional distress damages for humiliation, embarrassment and indignity, even where the plaintiff does not seek to introduce any medical or psychological evidence, a defendant would be permitted to conduct a

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

"wholesale investigation" into a plaintiff's entire medical and psychiatric history. Plaintiff can brief this issue further at the Court's request.

### C. Plaintiff's calendar

This issue is moot as there no objection to producing the calendar, should Plaintiff have it within her possession.

### D. Plaintiff's son's medical records

Plaintiff objects to the further disclosure of any further records of her son's medical care. Importantly, Plaintiff's son is not a party to this matter and has a privacy interest in his own records. Plaintiff has already produced relevant records to support her need for FMLA leave at the time her application was made. There is nothing further that is "notable" about Plaintiff's son's hospitalization. Plaintiff respectfully requests that this document request be denied.

Defendant does not announce in its correspondence what relief it seeks from the Court but presumably they are seeking an order compelling production of the above described discovery. For all of the foregoing reasons, that application should be denied. We thank the Court for its consideration of this matter.

Very truly yours,

**COSTELLO & MAINS, LLC**

By:    /s/ Daniel T. Silverman
         **Daniel T. Silverman**

DTS/jlp
Cc: Susanne Lafrankie-Principato (via regular mail)
    Deborah Hay Esq. (via e-filing)

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**