# Costello & Mains, LLC

Counselors at Law

**Kevin M. Costello**◊
**Deborah L. Mains**○
**Daniel T. Silverman**□
**Drake P. Bearden, Jr.** ◊□



**Michael J. Reilly** +
**Marisa J. Hermanovich** □
**Lex W. Hubbard** +
**Jacquelyn R. Matchett** □
**Stefanie Malone-Zeitz** □
**Christopher M. Emrich** □
**Kristy L. Krasowski** □

◊CERTIFIED BY THE SUPREME COURT OF
NEW JERSEY AS A CIVIL TRIAL ATTORNEY

o Member of the New Jersey, New York Bars.
+ Member of the New Jersey Bar
□ Member of the New Jersey, Pennsylvania Bars
∆ Pending Membership of the New Jersey Bar

www.CostelloMains.com
(856) 727-9700
(856) 727-9797 (fax)

Tuesday, July 30, 2019

**VIA ECF**
Hon. Freda L. Wolfson, U.S.D.J.
United States District Court, District of New Jersey
402 East State Street
Trenton, NJ 08608

Re:   Susanne LaFrankie-Principato v. New Jersey Board of Public Utilities, et al.
Docket No. 3:18-cv-02258-FLW-LHG

Dear Judge Wolfson:

As you are aware, this firm represents the Plaintiff in the above-indicated matter. I write with regards to Defendants' summary judgment motion although, at the time I am drafting this letter, the same has not been filed on ECF. I understand from the electronic copy which was emailed to me on July 29, 2019 that the same included a cover letter requesting that the Court treat the filing as timely. For the reasons that are set forth in this letter, as well as our prior correspondence to Judge Quraishi, we respectfully request that the filing not be treated as timely and that the motion be denied without further consideration.

I note that the Defendants have **not** filed a formal motion to extend the deadline to file their dispositive motion. Instead they simply send a cover letter, without citation to rule or law,

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

and request that the filing be treated as timely.  Plaintiff asks that the Court treat this correspondence as opposition to that request.

A consideration of the procedural history is important.  This matter was originally filed in the Superior Court of New Jersey on January 5, 2018 and was removed to this Court by the Defendants.  It was the Defendants who elected to remove the matter and it was the Defendants who elected to be governed and bound by the Federal Rules of Civil Procedure.  The original Scheduling Order in this matter set April 12, 2019 as the deadline for filing dispositive motions.  (Doc. 6).  On February 5, 2019, the Court entered a Case Management Order setting April 26, 2019 as the deadline for dispositive motions.  (Doc. 11).  On March 27, 2019, the Court entered yet another order stating that dispositive motions were to be filed by July 26, 2019.  (Doc. 12).

The deposition of Plaintiff was completed on April 16, 2019.  On June 19, 2019, the Court **denied** Defendants' request to extend the deadline for dispositive motions (Doc. 21).  The Defendants **never** filed a request for reconsideration of that decision or any other motion.  A teleconference was held on July 8, 2019.  At that time, a different Deputy Attorney General, Craig Smith, appeared.  Mr. Smith advised that he had recently been assigned to the file and was getting up to speed.  The dispositive motion deadline was specifically discussed during the teleconference and there was no request to extend the deadline.  Thus, Defendants were made aware **three times**, on March 27, 2019, June 19, 2019 and July 8, 2019, that the deadline for dispositive motions was July 26, 2019.  They still failed to comply.

I also note for the Court that on July 23, 2019, my office inadvertently sent an email to Ms. Hay rather than Mr. Smith.  We received a response email that stated, "I will be out of the office on medical leave starting June 10th.  Please contact DAG Craig Smith, if you need assistance with one of my assigned cases.  You can also call the main number for the State

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

Police, Employment and Corrections Section – 609 376 2240 – and the receptionist will direct your call accordingly." We then corrected our error by emailing Mr. Smith directly. That is, of course, **the same Mr. Smith** who appeared at the July 8th teleconference and who represented to the Court that he was assuming the file. I can also represent to the Court that I had communications with Mr. Smith regarding potential resolution of the matter. Noticeably absent from Defendants' letter is any reason why Mr. Smith's efforts did not result in a timely filing of the motion at issue.

On July 27, 2019, I received an email from DAG Gilchrist requesting my consent to extend the time to file. I declined and immediately raised the issue with the assigned Magistrate Judge. (Doc. 26). Rather than respond to my correspondence to the Magistrate Judge or file a formal motion to extend the deadlines, Defendants simply went ahead and filed their motion.

Fed. R. Civ. Pro. 16 governs pretrial management and scheduling orders. Pursuant to FRCP 16(b)(4), a schedule can only be modified upon a showing of "**good cause**." The Third Circuit has determined that "scheduling orders are the heart of the case management [and cannot] be flouted." *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 341 n. 4 (3d Cir.)(quoting Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir.1986)); *U.S. v. Princeton–Gamma–Tech, Inc.,* 817 F.Supp. 488, 497 (D.N.J.1993). "The reason for this is simple—scheduling orders are designed to offer a degree of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed and the case will proceed." Id. (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 339–40 (2d Cir.2000)). Here, Defendants not only ignore the deadline set by the prior Court Orders but ignore the denial of a prior request to extend the deadline.

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**

Had the Defendants filed a motion to extend the deadlines, presumably the same would have been filed under Fed. R. Civ. Pro. 6(b).  In order to file an untimely motion,

> "[A] party must make a formal motion for extension of time and the district court must make a finding of excusable neglect, under the Pioneer factors, before permitting an untimely motion. *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993). Under *Pioneer*, the excusable neglect inquiry must consider "all relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.*; see also *In re O'Brien Envtl. Energy, Inc.*, 188 F.3d 116, 125 n. 7 (3d Cir.1999) (holding that Pioneer factors apply to all excusable neglect inquiries mandated under the Federal Rules of Civil Procedure).

*Drippe v. Tobelinski*, 604 F.3d 778, 784-85 (3d. Cir. 2010).  Thus, not only would they have had to establish good cause under FRCP 16, but they also would have had to establish excusable neglect under FRCP 6.  Plaintiff respectfully asserts that they cannot meet either standard.

For all of the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion for failure to comply with the Scheduling Order.  It is further respectfully requested that the Court rule on this issue before Plaintiff is required to more fully respond to the legal arguments set forth in Defendants' Motion and Brief.

We thank the Court for its attention to this matter.

        Respectfully submitted,

        **COSTELLO & MAINS, LLC**

        By: **/s/ Daniel T. Silverman**
           **Daniel Silverman**

cc: Daveon Gilchrist, Esq. (via ECF)
   Susanne Lafrankie-Principato

**18000 Horizon Way, Suite 800, Mt. Laurel, NJ 08054**